Thank you. Good morning. May it please the court. My name is Karen Lindholt, and I am here on behalf of the defendant appellant, Mr. Ernesto Gallegos. The two issues that are in front of the court today are 1. Does 18 U.S.C. 3584 permit the district court to impose a partially concurrent and partially consecutive sentence? And 2. Did the district court have the authority to deny acceptance of responsibility and impose additional points for obstructing when defendant had already been charged with an escape, thus resulting in double counting? The underlying facts are as follows briefly. Mr. Gallegos pled to an illegal reentry charge in May of 2006. Shortly thereafter, he escaped from custody from the Sunnyside Jail. He pled to that escape charge in March of 2007, about a year after he had already pled to the illegal reentry. He was sentenced on both in May of 2007. He was sentenced to 40 months on the illegal reentry charge. This was case number 06-2026. There was a standard guideline range of 37 to 46 months. On the escape charge, the standard range was 33 to 41. He was sentenced on the same day and the same time to both charges. What the district court did was impose 40 months on the illegal reentry and 40 months on the escape. However, the district court judge imposed 20 of the months concurrent and 20 consecutive, resulting in a 60-month sentence. And your argument is that because the statute doesn't specifically say that the sentence may be partially concurrent, the judge doesn't have any power to do that? That's correct, Your Honor. Now, if this were to go back for re-sentencing, if we were to agree with you, and if this were to go back for re-sentencing, what guarantee do you have that this would help your client? I mean, the judge may say, okay, if that's my choice, I guess they're concurrent. Or consecutive. I meant consecutive. I'm sorry. Yeah. That may not be a very good idea from the standpoint of your client. Counsel, I had the same concerns, Your Honor. And my answer is that the Equal Protection Clause of the 14th Amendment prevents a higher sentence upon re-sentencing. So... No, only if it's vindictive. Okay. So what that would do is it would force a prisoner to choose. You know, Mr. Gallegos is put in a position now to accept the original oppressive sentence or to risk a stricter sentence. So he has chosen to proceed with this appeal. With full knowledge that he may get a longer sentence if he wins? So to speak, wins? Yes. Yes, that is correct. Okay. Okay. You have the rule of parsimony that says that the judge has determined that a certain sentence is enough. And in the future, it would be tough sell to say, well, I once determined this is enough. Now I think more is necessary. That helps your client and no future defendant. Every other future defendant faces the problem of a judge saying, well, I can't go partial. I now have to decide. And some significant number of them are probably going to be hurt by your argument, aren't they? Well, being a district court judge, Your Honor, I would submit to you that the proper, given the language of the statute as well as the legislative history, the proper sentence would have been concurrent, given that there is the presumption that when he is sentenced on the same day, that they should run concurrently. And I'm going to read briefly from 3584, which discusses imposition of concurrent or consecutive terms. If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term, the term may run concurrently or consecutively, except that the terms may not run consecutively. I'm sorry. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders the statute mandates that the terms are to run consecutively. All right. So the court has the authority under the statute to run concurrently or consecutively. That doesn't help you because it invests discretion in the district court judge to make the determination. The district court should have imposed a concurrent is my position. It was wrong in doing both. Let me ask you this. What is our standard of review on both these issues? On the two that were raised? Yes. Excuse me one second, Your Honor. Let me just make it a little more direct. Were these issues raised in the district court? Well, the sentencing obviously was not because it occurred in the district court. Right. At the time, you could have raised the issue when the district court said, or whoever the attorney was, I'm sure it wasn't you, could have said, Your Honor, I object to the imposition of partially concurrent and partially consecutive. It's possible that that could have been raised at the district court. It could have been. But it was not. No. Okay. And what about the other one? The other issue, the double counting, was in fact raised and it was denied. And on the issue of the double counting. Raised in what way? Can you point out how it was raised? Yes, Your Honor. It was raised in an objection to the pre-sentence report. The defense counsel pointed out that. Excuse me. In the context of sentencing? Excuse me. Let me refer you to the sentencing. I apologize. I'm not finding it right now, if Your Honors would like me to look. The issue was raised that he should get. I believe the counsel raised an oral argument that he should. There was a recommendation for acceptance of responsibility and the court did not. And I believe the PSR, if I can thumb through here, questioned whether it was an appropriate use to provide acceptance of responsibility. And then defense counsel responded to that PSR in an objection, which I've got right here addressing that. And I can. So it's your position that the objection raised the issue of whether or not failure to give the decrease for acceptance of responsibility was double counting? That issue was raised? Yes, Your Honor. If you look to the objection to the. What page of the record are you talking about? You might want to do it while you're sitting down because you're using your time. Just to clarify my own question, I'm under the impression that the objection was really for the failure to allow for acceptance of responsibility, but not directly for double counting. So when you have a chance to sit down, take a look at that. Okay. Before you sit down, let me ask you this. On the earlier question, that is to say whether the judge has the authority to impose a partially concurrent sentence, do you have a sense as to how often district judges impose partially concurrent sentences? Not often. In fact, I did a poll in the Spokane Public Defender's Office in the CJA, and no one had ever seen it before. I don't have a citation. I can't say that I went and actually polled sentences. But it's unusual. It was an unusual circumstance. I'm not sure whether this should be determinative, but I have trouble, and you may or may not want to respond. As a matter of policy, I have trouble seeing why it's a bad idea to allow a district judge to take a middle ground.  It's not merciful. Fully consecutive is not merciful. And to forbid the federal judge to come out in the middle seems to me, when it seems to the federal judge that this is what's fair, I don't see the policy reason to support your reading of the statute. The policy reason, Your Honor, is there's a presumption it should be concurrent, given that sentencing occurred at the same time, and all of the other factors that the judge essentially punished Mr. Gallegos for had already been contemplated in reaching that offender score, which was the 40 months on both. So he was able to sentence him up to 37 to 41 months under illegal reentry. And so all of the factors that the judge contemplated when he imposed a sentence had already been considered. Okay. Why don't we hear from the government, then you have a chance to respond. Good morning. May it please the court, counsel. My name is Jane Kirk. I represent the United States in this appeal. On the first issue, the mandatory consecutive or concurrent, it's the government's position that this statute does not require that it be fully concurrent or fully consecutive, that to do so would ignore Part B of the statute, which says that you look to the 3553 factors also. So to interpret the statute the way the defendant requests would be to ignore Part B, and that under statutory construction would not be acceptable. On the second issue, double counting, I will admit that if you're looking strictly at guideline sentencing, the calculations recited by the court at the time of sentencing when the court decided to go partially consecutive, the calculations were not exactly correct. The court started out saying, according to the advisory guidelines, this is on page 13 of the sentencing transcript, the appropriate procedure would be for the court to follow is to look to the highest, which was under the pre-sentence report 14. But then the court decided that it would look at each crime separately. So how does that affect your double counting analysis? I believe it does affect the double counting analysis, because if you're looking at it separately, then you would not add two levels to the illegal reentry for the obstruction of justice, because the obstruction of justice was the escape. Counsel, then, isn't that a procedural error that invalidates the sentencing under our precedent? I don't believe it invalidates it, because it has to be an error that affects substantial rights. And in order to affect substantial rights, it has to reflect badly on the fairness, integrity, or public reputation of the court. And I believe that if this court looks at the sentencing colloquy by the judge as a whole, the court will easily understand that the judge was troubled by this defendant. This defendant was not a run-of-the-mill defendant. He had multiple reentries into the United States. He had been deported several times. And the crimes that Mr. Gallegos committed while in the United States were serious. He had no respect for the law. The court even pointed that out. Counsel, implicit in your argument seems to be a presumption that we're using the plain error standard of review. Yes. And what's your response to opposing counsel's recollection that the double-counting objection was made in the district court? My response is that it was raised only as to acceptance of responsibility for the acceptance of responsibility. And I believe it's at pages three and four of the sentencing transcript. So are you conceding that the defense made the double-counting objection to the failure to adjust for acceptance of responsibility in the district court? No, I'm not conceding, Your Honor. Okay. What's your position? My position is that it was a different issue that was raised. It was double-counting as it applied to the calculations in the pre-sentence report. And the pre-sentence report was correct if you – For the base offense level? Is that what you're saying? Right. For the base offense level and for the combining that occurs. Right. It is correct. Multiple crimes. Right. Multiple crimes. And the court – the judge started out – Judge Nielsen started out saying that the appropriate would be to look at the level 14, the highest. But then he backed away from that and started talking about the escape. And in that case, then, if you're going to talk about them separately, it would have been proper to say that the base offense level for the illegal reentry was 12. Right. And the offense level for the escape would have been 11 because he would have earned the acceptance and responsibility for the escape, just not for the illegal reentry. But even under that scenario, the range for the escape, then, would have been – under an offense level of 11 would have been 27 to 33. And the range for the illegal reentry would have been 30 to 37. So the sentence of 60 months clearly would have been within an acceptable range if these sentences were partially concurrent or partially consecutive. So your perception is that regardless of how the judge figured it out, the bottom line sentence that he thought was appropriate was the 60 months. Is that your argument? Yes, that is my argument, Your Honor. Unless there are other questions. What are the differing interests served by the two guideline enhancements or reductions, acceptance on the one hand and obstruction on the other? The interest for 1326, the illegal reentry, because it was the night before he was to be sentenced that he escaped. And therefore, that shows that he continued to engage in criminal conduct. I'm asking a more abstract question, I think. In general, we try to avoid – in general, we talk about the guidelines not engaging in double counting when the two provisions in question get at different interests. Because the perception, I guess, being that if they get at the same interests, we have to be much more concerned that we really are engaging in double counting. So here, how do the two guideline provisions in play employ different interests or get at different interests? Well, I believe in this case – I'm afraid I cannot speak abstractly. It's specific to this case that the escape was a pattern for this individual. He continually fought against law enforcement when encountered with law enforcement. The escape was a pattern for him. And so the judge believed that a sentence, a more harsh sentence, was in order. Because of his continual disregard, his lack of respect for the law, the judge felt that a sentence for the escape was appropriate. And clearly, a sentence for the 1326 was appropriate. The defendant was there illegally and had faced these charges before. Therefore, there are two separate interests, and the judge properly could impose a consecutive sentence. Judge Nielsen was trying to get through to this individual, saying he should not come back to the United States. Let me play with the question Judge Mossman just asked, which is are there different interests potentially being served by the two factors, one of them being acceptance of responsibility and the other obstruction of justice. It occurs to me, and I think there's something to support this in the guidelines and the material behind the guidelines, that one of the reasons to treat a defendant more leniently if he or she has accepted responsibility, there's a sense of if there's a genuine acceptance of responsibility, that already is, for many people, a step along the road to compliance with law and repentance and so on. Obstruction of justice has all kinds of other things additionally in play. Expense to the government, hiding of information, independent breaking of law through the obstruction. It seems to me that while the interests overlap, they are not by any means identical. Would you agree with that? Yes. Yes. Is that the answer you'd like to give to Judge Mossman? Would you please argue my case for me? I would appreciate it, yes. I like that answer a lot. Then that's my answer. Okay. I'm not sure I believe it, so just so you don't relax too much. Unless there are other questions. Thank you. Thank you. Judge Mossman, you're correct. Double counting was not mentioned. It was an objection to the court not granting acceptance of responsibility. So it would be a plain error review then? Yes. Thank you. However, on the concept that Judge Fletcher mentioned, the underlying goals and policies are the same in that Mr. Gallegos wrote a statement accepting responsibility, and that is in the PSR. Again, the judge denied it based on the fact that he had escaped, and thus he truly couldn't accept responsibility for his behavior if he escapes while he's awaiting sentencing. So he was ultimately charged with his new crime escape, but the facts, the underlying facts are the same in both, and thus it would result in double counting. Okay. Thank you. Thank you both sides for your helpful arguments. The case of the United States v. Gallegos is now submitted for decision.
judges: Mosman, Fletcher W. , Rawlinson